EARL BROS. & COMPANY v. SMITH.

Opinion delivered October 12, 1925.

LANDLORD AND TENANT—WAIVER OF LIEN.—That a landlord gave permission to his tenant to use corn and cotton seed on which he had a lien for rent in making a crop for another year did not constitute a waiver of such lien in favor of a junior lienor.

Appeal from Pope Chancery Court; *W. E. Atkinson,* Chancellor; affirmed.

*Ed Gordon* and *J. B. Ward,* for appellant.

HUMPHREYS, J.  Appellant and appellee each rented J. F. and W. D. Ramsey a farm to cultivate during the year 1921.  The Ramseys executed a chattel mortgage to appellant on the 9th day of March, 1921, covering the crops to be raised on both farms during the year.  They failed to pay appellant the indebtedness secured by the mortgage, and suit was brought on the 25th day of October, 1921 against the Ramseys to foreclose the mortgage.  In the proceeding, 418 1/3 bushels of corn and 340 pounds of cotton seed was seized and sold by appellant.  On the 24th day of January, 1922, appellee filed an intervention in the proceeding, claiming a landlord's lien for rent and advances on said property for a balance of $329.75.  An answer was filed by appellant denying the material allegations in the intervention.

The cause was submitted to the court upon the pleadings and testimony, which resulted in a decree against appellant and in favor of appellee for $268.56 and interest, said amount being the value of the corn and seed, from which decree an appeal has been duly prosecuted to this court.

There is no material dispute in the testimony.  The Ramseys lived on appellant's farm, but in the fall they rented and removed to the Fate Linzy place. They rented appellee's farm another year, and were permitted by him to take a part of the corn and cotton seed they raised on his farm in 1921 to the Fate Linzy farm, where it was stored to be used in making their crop in 1922.  This was the corn and seed which appellant seized and sold

in the foreclosure proceeding. When the sheriff seized it, appellee informed him that he had a landlord's lien on it and told him not to move it. When seized by the sheriff, it was of the value of $286.56. The Ramseys owed appellee $791.75 for rents and advances in 1921. They raised ten bales of cotton on his farm, and out of the proceeds of the sale thereof, paid him $462, leaving a balance due of $329.75.

C. T. Grooms, an employee of appellant, and Vernon Nisler, who was with him when they went to the Ramseys to collect the indebtedness secured by the mortgage, testified that appellee told Grooms that he had given the Ramseys the corn grown on his farm to make a crop with the next year. Appellant denied making the statement to Grooms, but he and the Ramseys testified that he turned the corn and seed over to them to use in making a crop in 1922.

Appellant contends for a reversal of the decree on the theory: first, that appellee was estopped to enforce his landlord's lien because he did not impound the property and have it sold to satisfy the lien, but instead allowed appellant to sell the property under the mortgage lien; and, second, that appellee relinquished his landlord's lien by permitting the Ramseys to use the corn and seed to make their crop the next year.

We cannot agree with appellant in either contention. In the first place, appellee did not maintain silence when he should have spoken, but, on the contrary, he informed the sheriff of his landlord's lien and instructed him not to move the corn and seed; and, in the second place, permission to his tenants to use the corn and seed in making another crop was in no sense a waiver of his lien in favor of Ramsey's creditors. There is nothing in the record squinting at a waiver of his lien in favor of appellant. Appellee had a perfect right to extend a favor to his tenants without thereby forfeiting his paramount lien rights to junior lien holders.

No error appearing, the decree is affirmed.